IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOK T. LAU,

    Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION,

    Defendant.
_____/

No. CIV S-05-0499 WBS KJM PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

    Defendant's motions to dismiss and to set aside entry of default came on regularly for hearing on September 28, 2005. Plaintiff Lok T. Lau appeared in propria persona. Stephen W. Owens appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>Facts</u>

    Plaintiff, proceeding pro se, filed a complaint alleging breach of insurance contract and tortious breach of the covenant of good faith and fair dealing against defendant, United Services Automobile Association ("USAA"). The insurance contract was for an insurance policy on plaintiff's residence. Plaintiff alleges that defendant breached the contract by failing to pay to repair a hole in the roof of the residence and by failing to reimburse plaintiff for

expenses caused as a result.

          Plaintiff asserts diversity jurisdiction. Plaintiff is a citizen of California. Although he does not specifically allege as much in the complaint, plaintiff apparently contends defendant is a citizen of Texas, not California.[1] Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction, asserting a lack of diversity. Defendant avers it is an unincorporated association and therefore is a citizen of every state in which it has members, including California.

          In his opposition, plaintiff argues federal question provides an alternate basis of jurisdiction. Plaintiff asserts defendant discriminated against plaintiff in violation of 42 U.S.C. §§ 1981 and 1983.[2] With respect to these civil rights statutes, plaintiff contends that defendant is a state actor. Plaintiff also alleges that defendant discriminated against plaintiff in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

          Defendant also has filed a motion to set aside entry of default on the basis that the court lacked subject matter jurisdiction to enter default. Although plaintiff's request for entry of default was filed with the court, default was never entered. Defendant's motion to set aside entry of default therefore will be denied as moot, without need for further discussion.

II. Discussion

          A federal court may not adjudicate a matter where the court lacks subject matter jurisdiction. A jurisdictional challenge may be made at any time during the proceedings. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). Here, defendant argues the diversity requirement of 28 U.S.C. § 1322 is not met.

          Unless an entity is a corporation, an analysis of diversity jurisdiction focuses on

---

[1] In his opposition, plaintiff cites to the declaration of Maria Higgins-Burke, which states: "USAA (defendant) is a reciprocal interinsurance exchange organized under the laws of the State of Texas." Pl.'s Opp'n at 13.

[2] Jurisdiction over civil rights actions is conferred by 28 U.S.C. § 1343.

the citizenship of all the entity's members. Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990). Stated differently, "unincorporated associations have long been considered to be citizens of each and every state in which the association has members." Baer v. United Services Automobile Assoc., 503 F.2d 393, 395 (2d Cir. 1974).

Defendant asserts that it is an unincorporated association. In Baer, the court determined that defendant - the defendant in that action as well - is a reciprocal insurance association, which is an unincorporated association. Id. at 394-95. Although Baer was decided in 1974, it is evident that defendant remains a reciprocal insurance association as stated in the "Quick Reference - Special Form QR3" document referenced in renewal and amendment declarations related to plaintiff's policy, Keith D. Chidlaw Supp. Decl., Ex. B,[3] as well as in defendant's Amended Certificate of Authority filed with the state of California, which identifies USAA as an "Inter-Insurance Exchange or Reciprocal." Pl.'s Opp'n, Ex. 6.

Plaintiff labels defendant's choice to register as a reciprocal insurance association as opposed to an insurance corporation as a "shrewd 'business-incorporation'" tactic that should be immaterial to the court's jurisdictional determination. Id. at 13. This argument was dismissed by the court in Baer, which stated:

> [T]his formal distinction drawn between the insurance reciprocal and the insurance corporation under state law seems to be, under United Steelworkers v. R.H. Bouligny, Inc., 382 U.S. 145, 15 L. Ed. 2d 217, 86 S. Ct. 272 (1965), dispositive on the issue of whether the reciprocal should be considered a corporation for diversity purposes, irrespective of whether the distinction is, as a practical matter, an artificial or illogical one. The existence of the distinction under state law, and not the logic underlying that distinction, is the paramount consideration.

Baer, 503 F.2d at 395.

---

[3] The terms "reciprocal insurance association," "inter-insurance exchange" and "reciprocal exchange" are used interchangeably by defendant and by the court in Baer. There is no material difference.

1    Applying the rule regarding unincorporated associations to this case, there is no
2  diversity jurisdiction as plaintiff is from California and defendant has in excess of 100,000
3  members in the state of California.  Maria Higgins-Burke Decl. at 2.
4    In opposition to the motion to dismiss, plaintiff contends he has claims under the
5  civil rights statutes and the ADA as an alternative basis for jurisdiction.  The complaint itself
6  does not allege federal question jurisdiction.  Plaintiff has the burden of proving jurisdiction.
7  Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).
8    To state a claim under 42 U.S.C. § 1981 or § 1983, plaintiff must allege defendant
9  is a state actor.  Plaintiff supports the allegation that defendant is a state actor by stating:

> The aforementioned sworn statements point to the fact that the
> State Statutes of the State of Texas somehow gives the right to
> Defendant to conduct business in California with special status.
> Consequently, since all insurance companies operating in the State
> of California and Texas is under the strict control of its state
> regulatory agency which is the California Department of Insurance
> Commission, thus Title 42, Section 1983 would apply since it
> involves a governmental agency.  If the State Statute of Texas that
> empowers Defendant to be a citizen of all the 50 states is somehow
> true, then this statute would make the Department of Insurance a
> state actor, causing it to violate Plaintiff's or the insured rights,
> through the State of Texas or State of California regulatory agency.

17  Pl.'s Opp'n at 19.  Plaintiff's argument, in essence, is that defendant is a state actor because
18  insurance companies are heavily regulated.  This assertion is in direct conflict with controlling
19  precedent.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974) ("The mere fact that a
20  business is subject to state regulation does not by itself convert its action into that of the State for
21  purposes of the Fourteenth Amendment."); Freier v. N.Y. Life Ins. Co., 679 F.2d 780, 783 (9th
22  Cir. 1982) ("The mere fact that a business is regulated by state law or agency does not convert its
23  dealings into acts 'under color of state law.'"); Life Ins. Co. of North America v. Reichardt, 591
24  F.2d 499, 502 n.5 (9th Cir. 1994) ("California's extensive regulation of insurance companies,
25  standing alone, is insufficient state involvement [to support a § 1983 claim].").  Plaintiff
26  therefore is not able to allege defendant is a state actor.

1  Discrimination claims under the ADA are authorized in the employment context
2 under 42 U.S.C. § 12112, against public entities under 42 U.S.C. § 12131, or against entities
3 offering public accommodation under 42 U.S.C. § 12182.  Defendant is not in an employment
4 relationship with plaintiff, is not a public entity and does not offer public accommodation.  As
5 with plaintiff's asserted civil rights claims, plaintiff cannot properly allege a claim under the
6 ADA.
7  The complaint in the instant case alleges no jurisdictional basis other than
8 diversity.  Leave to amend would be futile because plaintiff is not in a position to state claims
9 under the civil rights statutes or the ADA.  Defendant's motion to dismiss thus should be
10 granted.
11  Accordingly, IT IS HEREBY ORDERED that:
12  1) Defendant's motion to set aside entry of default is denied as moot; and
13  2) The Clerk of Court is directed not to enter default in this action.
14  IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be
15 granted.
16  These findings and recommendations will be submitted to the United States
17 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
18 thirty days after being served with these findings and recommendations, any party may file
19 written objections with the court and serve a copy on all parties.  Such a document should be
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1 captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the
2 objections shall be served and filed within ten days after service of the objections. The parties
3 are advised the failure to file objections within the specified time may waive the right to appeal
4 the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: October 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE